### EDWARD O. COOK *vs.* ISAAC H. FARRINGTON.

A mortgagee of personal property, who has proved his debt against the estate of the mortgagor in bankruptcy without disclosing his security, is not thereby estopped to claim the property against a subsequent mortgagee who has not proved his debt.

REPLEVIN of household furniture. Writ dated December 18 1868. At the trial in the superior court, before *Lord*, J., the following facts appeared:

Charles H. Watriss, the owner of the furniture, mortgaged it in November 1866 to Joseph Willard, under whom the defendant justified; in December 1866 mortgaged it to the plaintiff, expressly subject to Willard's mortgage; and on February 28 1868, filed his petition in bankruptcy. On April 6, 1868, Willard proved his debt in full as a general creditor, setting forth that he held no security from the bankrupt. No assets were

ever received in the bankrupt's estate; only one other creditor, not the plaintiff, proved a claim; the bankrupt was discharged, and the estate closed; but the assignee never took any action with regard to the mortgaged property, and in June 1868 Willard took possession of it under his mortgage.

On these facts, the judge ruled that the action could not be maintained; and the plaintiff alleged exceptions.

*C. C. Nutter & T. F. Nutter*, for the plaintiff.

*J. Willard*, for the defendant.

WELLS, J. The plaintiff is second mortgagee, and Willard, the defendant's principal, is first mortgagee of the same personal property. Willard proved his debt against the estate of the mortgagor in bankruptcy, without reference to his mortgage. The plaintiff contends that this discharged Willard's mortgage, so that he cannot now set it up against the plaintiff, seeking to enforce his subsequent mortgage.

By § 20 of the bankrupt act, U. S. St. of 1867, *c.* 176, it is provided that a creditor, holding security upon property of a bankrupt, " may release or convey his claim to the assignee upon such property, and be admitted to prove his whole debt." The proof by Willard, without such release or conveyance, was contrary to the law; but it did not of itself operate to discharge the mortgage. It might prevent his setting up the mortgage against the assignee, claiming to hold the property as part of the assets of the estate. Equity might hold the creditor to do what he ought to have done, and subrogate the assignee to his rights in the security, if a release or discharge would not work the same advantage to the estate. But only the assignee can avail himself of the rights which those provisions of the bankrupt law are intended to secure. The plaintiff can derive no right or advantage therefrom.

Neither can the plaintiff set up those proceedings as an estoppel. There is a want of mutuality, as well as of privity. He has acquired no title from the assignee; he is not interested in the estate as a creditor having proved his debt in bankruptcy; he is in no way affected by the bankruptcy proceedings, either in his relations to the defendant or to the property.

There being no other objection to the validity of Willard's mortgage except the facts in regard to his proof of the debt in bankruptcy, the ruling of the superior court, that the plaintiff's action could not be maintained, was correct.

*Exceptions overrulea*