## Bassett & Brown *versus* Baird.

A mechanic's lien was filed after the property had been sold by B. to M. Previous to the sale B. had settled with plaintiffs and given his note for the work done. B. afterwards became insolvent, and his property passed into the hands of an assignee in bankruptcy. Plaintiffs proved their claim before the register in bankruptcy and received a dividend, but neglected to state in their probate of their claim that it was secured by the mechanics' lien, as required by sect. 5077 of the Bankrupt Act. M. contended that this neglect had the effect under that act to waive the lien and relinquish it to the assignee. *Held,* that M. was a third party not interested in the distribution of the bankrupt estate and could not make this complaint. *Held, further,* that the property covered by the lien occupied the place of a surety for the payment of the debt of the bankrupt and there was no reason why the plaintiffs should have set it forth in their proof.

November 2d 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1877, No. 189.

*Scire facias sur municipal claim,* issued by W. H. Bassett and J. T. Brown, trading as Bassett & Brown, against Samuel H. Baird.

Plaintiffs contracted with Baird to paint and glaze a house erected by the latter on property owned by him, for which they were to receive $220. The plaintiffs alleged that the work was completed about June 6th 1873. This fact was disputed by defend-

[Bassett *v.* Baird.]

ant, who averred that it was completed in the fall of 1872. The lien was filed November 15th 1873.

At the trial it appeared that on the 27th of December 1872, Baird gave to plaintiffs a note for $220, the contract price for the work; that on the 16th of February 1873, he sold and conveyed the premises to Mrs. Moorehead; that on the 7th of April 1873, Baird filed his petition in bankruptcy, and Bassett & Brown proved their claim in bankruptcy, and received a dividend of $55 on account thereof. In proving their debt it also appeared that they had made no mention of their security by the mechanics' lien. The defendant submitted the following point:—

"That if the plaintiffs proved their claim against the defendant in proceedings before the register in bankruptcy, and received from the assignee of said defendant a dividend on the claim, they cannot maintain this action for the balance due on said claim."

The court affirmed this point, being of the opinion that the proof of debt in bankruptcy was a relinquishment of the security, and instructed the jury to find for defendant.

After verdict and judgment, the plaintiffs took this writ, assigning for error this instruction and the affirmance of defendant's point.

*Slagle & Wiley*, for plaintiffs in error.—The court below based its ruling upon the 5077 section of the Bankrupt Act, which reads: "To entitle a claimant against the estate of a bankrupt to have his demand allowed, it must be verified by a deposition in writing, under oath, and signed by the deponent, setting forth the demand, the consideration thereof, whether any and what securities are held therefor. * * * No claim shall be allowed unless all the statements set forth in such deposition shall appear to be true."

Under this section the United States courts have held: "That a secured creditor who proves his claim without reference to his lien, and without apprising the bankrupt court of its existence, thereby waives his lien and relinquishes it to the assignee." This evidently relates to liens upon the estate passing to the assignee. If the lien were upon any other estate, it could not be relinquished to the assignee, because he would have no interest in it. This provision and the rulings under it are rules of practice for courts of bankruptcy, and can have no effect upon parties and property which do not come under their control. The liability of the property in the hands of Mrs. Moorehead was in the nature of suretyship. It therefore became the duty of the creditors to exhaust all remedies against the principal debtor before resorting to the property upon which they had a lien. By pursuing this plan they thereby relieved her property to the extent of the dividend received; and yet, by so doing, she contends this forfeited all claim to the balance.

No paper-book nor argument for defendant in error.

[Bassett *v.* Baird.]

Mr. Justice GORDON delivered the opinion of the court, January 7th 1878.

From the statement submitted to us, we learn that the mechanics' lien, the subject of the present controversy, was not filed until sometime after the property had been sold and conveyed to Mrs. Moorehead. Previously to the sale, Baird, the vendor, had settled with the plaintiffs, and given to them his note for the work done. Afterwards Baird became insolvent and his property passed, in due course, into the hands of an assignee. As this sale to Mrs. Moorehead seems not to have been made subject to this claim of these mechanics, a duty rested upon Baird to discharge it. The plaintiffs proved their claim before the register and received a dividend, but neglected to state, in their probate, as required by sect. 5077, of the Bankrupt Act, the fact that such claim was secured by a mechanics' lien. It is now contended, on part of Mrs. Moorehead, who is the real defendant in interest, that the neglect above stated had the effect, under the decisions upon the section referred to, to waive the lien and relinquish it to the assignee. There is no doubt that this would be the result as to any estate of the bankrupt, which might be affected by that lien, in the hands of the assignee : Bump's L. & Pr. Bk. 547. The question, however, naturally arises, can any one but the assignee take advantage of this forfeiture ? The design of the act was, that there should be a fair distribution of the estate of the bankrupt among his creditors ; that the creditor having a lien should not have an undue advantage over those creditors who were not thus secured. This being the intent of the law it would seem that if those interested in the distribution of the estate make no complaint, third parties, not being so interested, have no standing so to do. But Mrs. Moorehead is such third party. Her complaint is, not that she is put in a worse condition by the want of compliance with the Bankrupt Act on part of the plaintiffs, but that the estate is thereby affected to the detriment of creditors ; hence, a positive release of the lien is worked by the act. As, however, this would benefit, not the estate, but a third party not in interest, it cannot be the true rendering of the statute. And so it was held in Cook *v.* Farrington, 104 Mass. 212, that although proof, without release or conveyance, is contrary to law, it does not, nevertheless, of itself, operate to discharge a mortgage. It may, indeed, prevent the creditor from setting up the mortgage against the assignee, but the assignee alone can avail himself of the rights this provision is intended to secure. Third parties can derive no advantage therefrom. Again, the release of this lien can add nothing to the bankrupt estate, except that it might operate to discharge a claim which might eventually be proved against it by Mrs. Moorehead, but which having already been proved by the plaintiffs and the dividends received thereon having been passed to her credit puts that claim out of the question. On the other hand, an assign-

[Bassett *v.* Baird.]

ment of the lien to the assignee, would come to nothing, since he could not enforce it. It is manifest, that this case as it now stands is one in which neither the assignee nor creditors of Baird have the slightest interest, and we must, therefore, treat it as an ordinary case of mechanics' lien.

It was said in Hoyt *v.* Freel, 4 B. R. 131, cited in Bump's L. & Pr. Bk. 547, that there is no provision in the Bankrupt Act, that the claim of a proving creditor against joint debtors with or without sureties for the bankrupt, shall be assigned or given up by the creditor to the assignee ; that such a proposition would indeed be absurd, since the claim of the creditor against the surety is in no sense the property of the bankrupt. A creditor, who has proved a claim against the bankrupt's estate, arising from a contract made by the bankrupt and certain others, as joint contractors, without stating, in his proof, that the same was in any manner secured, may, nevertheless, maintain an action upon such contract, against the other joint contractors. So, in the case in hand, there is nothing to assign which would either relieve the bankrupt estate by discharging an encumbrance upon it, or increase the amount of that estate by its sale. The property covered by the lien, occupies the place of a surety for the payment of the debt of the bankrupt, hence there is no reason why the plaintiffs should have set it forth in their proof, except that by its concealment they came in for a larger dividend on distribution of the bankrupt estate than they were entitled to. But as this wrought no injury to Mrs. Moorehead, but rather a benefit, she has no right to complain.

Judgment reversed, and *venire facias de novo* awarded.