CASE 26—PETITION EQUITY—JANUARY 22

# Starks, &c., v. Curd, &c.

APPEAL FROM CALLOWAY CIRCUIT COURT.

1. BANKRUPTCY—ATTACHMENTS.—Under the bankrupt law, if an attachment from the State court was levied as many as four months before the filing of the petition in bankruptcy, the lien created by such levy continued, notwithstanding the filing of the petition in bankruptcy.

2. SAME.—If a creditor of the bankrupt had a lien by attachment or otherwise for the security of his debt, and he filed his debt in the bankrupt court, and asked that it be allowed and pro-rated as an unsecured claim, without apprising the assignee of the existence of his lien, he thereby waived his lien. But this waiver was for the benefit of the assignee as a trustee for creditors, and not for the benefit of the bankrupt; and if the assignee chose to waive his right to the attached property by failing to appear and assert it, the attaching creditor had the right to enforce his lien, which the court properly allowed him to do in this case.

3. SAME—FRAUDULENT CONVEYANCES.—When the debtor, prior to the bankrupt proceedings, had executed conveyances with the design to defraud his creditors, the title to the property thus conveyed passed

Starks, &c., v. Curd, &c.

to the assignee in bankruptcy for the benefit of creditors, as if no such conveyances had ever been executed.

4. JUDICIAL SALES—JUDGMENT.—As the land sought to be subjected in this case consisted of separate tracts, lying in two different counties, it was error to order a sale of the land in gross, without reference to the fact whether it would be necessary to sell it all to pay the debt, interest and costs. The court should so amend the judgment as to direct the sale of said land by the tract, and only so much thereof as will be necessary to satisfy the debt, interest and cost.

GILBERT & REED AND W. M. SMITH FOR APPELLANTS.

If the creditor of a bankrupt, having a lien by attachment or otherwise, proves his claim in bankruptcy without asserting his lien he thereby waives it. (Revised Statutes U. S., secs. 5075, 5105; Heard v. Jones, 15 Bankrupt Reg., 402; Granger v. Sabin, 8 Bk. Reg., 30; In re. Old, 4 Bk. Reg. 87.)

WM. LINDSAY, FOR APPELLEES.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees instituted their several actions in the Calloway Circuit Court, against the appellant, W. M. Starks, to recover debts due them on contract by him. They obtained attachments in said actions, which were levied upon the several tracts of land in controversy. More than four months after the levy of these attachments, the appellant, W. M. Starks, abandoned his residence in said county and State, and moved to the State of Missouri, in which State he took up his residence, and after making said State his place of residence, he filed his petition in the United States District Court for that State, to be declared a, bankrupt. The Register in bankruptcy took charge of his case; an assignee was duly appointed and qualified; the appellant, W. M. Starks, was duly and finally discharged from all his debts and liabilities existing at that date. After getting his final discharge, he returned to this

State and filed answers to the appellees' actions; among other things, contesting the grounds of attachment, and denying that the real estate in controversy was subject to said attachments, and that the appellees except one, had filed their claims in the bankrupt proceedings, and had them allowed as unsecured claims, which was a waiver of the attachment liens, if any they had. His wife and children also appeared in said actions and set up title in themselves to said lands by reason of conveyances by deed to them by the appellant, W. M. Starks.

It is perfectly manifest that the conveyances by the appellant, W. M. Starks, to his wife and children, were made with the design to defraud his creditors; therefore, as against said creditors no title passed to them, but thereafter passed to his assignee in bankruptcy, subject, however, to the appellees' attachment liens.

The fourteenth section of the bankrupt act provided : " That as soon as said assignee is appointed and qualified, the judge, or when there is no opposing interest, the Register, shall, by an instrument under his hand, assign and convey to the assignee, all the estate, real and personal, of the bankrupt, with all his deeds, books and papers relating thereto, and such assignment shall relate back to the commencement of said proceedings in bankruptcy, and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in the said assignee, although the same is then attached on *mesne* process as the property of the debtor, and shall dissolve any such attachment made within four

months next preceding the commencement of said proceedings.''

It has been uniformly held that if the attachment out of the State court was levied as many as four months before the filing of the petition in bankruptcy, the lien created by such levy would continue, notwithstanding the filing of the petition in bankruptcy. Also, it has been uniformly held that if a creditor of the bankrupt had a lien by attachment or otherwise, for the security of his debt, and he filed his debt in the bankrupt court, and asked that it be allowed and pro-rated as an unsecured claim, without apprising the assignee of the existence of his lien, he thereby waived said lien. Were the rule otherwise, such creditor would not only have the benefit of his lien security, but would pro-rate equally with the other creditors, which would be a fraud upon the equality of right among the creditors of the bankrupt that the bankrupt law attempted to establish.

But the waiver of the lien was for the benefit of the assignee only, as trustee for the bankrupt's creditors. The lien, however, by proving the claim as unsecured was not extinguished, but was simply waived at the instance of the assignee, for his benefit as subrogatee. (Cook v. Farrington, 104 Mass., 212; 12 Bank. Register, 512.)

By the section *supra*, the title of the property passed to and vested in the assignee, whereby the bankrupt was totally divested of title, and as just said, if the bankrupt had previously conveyed his property for the purpose of defrauding his creditors, nevertheless the title passed to the assignee for their benefit as fully

and completely as though no such conveyance had been made. Therefore, it has been uniformly held that the bankrupt could not appear in the State court and take advantage of the waiver. He had parted with his title to the property, and had been discharged from liability on the debt, and, of course, had ceased to have any interest whatever in the proceedings. (See cases *supra.*) If the assignee, who was the party in interest, could, if he wished, take advantage of the waiver and defeat the attachment and take the property, freed of its lien, on the other hand, as the waiver was only for his benefit as subrogatee, he could waive his right to it, and let the property be subjected to the attachment lien; which waiver on his part would be presumed, under circumstances similar to this case, by his failure to appear and assert his right.

Therefore, the judgment of the circuit court subjecting said property to the attachment liens, but not giving personal judgment against W. M. Starks, is affirmed.

But the tracts of land attached were separate tracts, and were situated in Calloway and Marshall counties, and the judgment, as we understand it, directed the Master Commissioner to sell the several tracts lying in each county, in gross, and without reference to the fact whether it would be necessary to sell it all to pay the debts, interest and costs. This, it will be readily seen, was an error, and for this error the case must be reversed with directions to amend the judgment so as to direct the sale of said land by the tract, and only so much thereof as will be sufficient to satisfy debts, interest and costs.