# Hastings *v.* Thompson, Appellant. ·

*Mechanic's lien—Bankruptcy of contractor—Subcontractor's rights.*

1. A mechanic's lien which has attached by the beginning of work by a subcontractor within four months prior to the bankruptcy of the contractor, is not dissolved by the national bankruptcy Act of July 1, 1898. It is only liens created by suit or proceedings of law or in equity within the four months that are dissolved by the act.

2. A subcontractor whose lien has attached prior to the bankruptcy of the contractor may complete his work according to the contract after such bankruptcy and thus perfect his claim as a mechanic's lien against the real estate.

*Practice, C. P.—Motion for nonsuit—Additional evidence—Discretion of court.*

3. It is within the discretion of the trial judge to permit a plaintiff to introduce additional evidence after a motion for nonsuit has been made.

Argued April 19, 1911. Appeal, No. 116, April T., 1911, by defendant, Richard Thompson, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1907, No. 453, on verdict for plaintiff in case of Robert Hastings v. Richard Thompson, owner or reputed owner and George Doherty. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before DAVIS, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $231.16. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for Richard Thompson; (4, 5) in permitting plaintiff to offer additional evidence after the defendant had moved for a nonsuit.

*Thomas L. Kane,* for appellant.—The general effect of the bankruptcy law is to fix and determine the rights of

creditors as of the date of the filing of the petition in bankruptcy: In re Bingham, 2 Am. Bankcy. Rep. 223; Swarts v. Fourth Nat. Bank, 8 Am. Bankcy. Rep. 673; In re Pettingill & Co. 14 Am. Bankcy. Rep. 728.

In Pennsylvania the rule of law is that the rights of creditors of an insolvent are fixed as of the date of assignment: Chestnut St. Trust & Saving Fund Co.'s Assigned Est., 217 Pa. 151; Potter v. Gilbert, 177 Pa. 159; Dean & Son's App., 98 Pa. 101.

The right to file a mechanic's lien is purely statutory, and no right can reside in a mechanic's lien claimant, which is not clearly and distinctly given him by statute: Tenth Nat. Bank v. Smith Const. Co., 218 Pa. 581; Wilson v. Canevin, 226 Pa. 362.

The plaintiff, Hastings, had no contract with Thompson, the owner; and there was no privity of contract between them.

It is necessary for the subcontractor to assert his right to file a mechanic's lien within three months of the bankruptcy by giving the statutory notice to the owner of his intention to file a lien: In re Huston, 7 Am. Bankcy. Rep. 92; Kane v. Kinney, 174 N. Y. 69 (66 N. E. Repr. 619); In re Grissler, 136 Fed. Repr. 754; Wagner v. Burnham, 224 Pa. 586.

*A. W. Robertson,* with him *Owen S. Cecil,* for appellee.— The subcontractor's right to file a lien was not affected by the bankruptcy of contractor Doherty: Fairlamb v. Smedley Construction Co., 36 Pa. Superior Ct. 17; Wagner v. Burnham, 224 Pa. 586; In re Hersey, 171 Fed. Repr. 1004; Lillington Lumber Co., 132 Fed. Repr. 886; Mattley v. Wolfe, 175 Fed. Repr. 619; Morgan v. Bank, 145 Fed. Repr. 466; In re Grissler, 136 Fed. Repr. 754.

The fourth and fifth assignments of error are to technical matters strictly within the discretion of the trial court, and are not the subject of review: Barnhart v. Pettit, 22 Pa. 135; Lauer v. Yetzer, 3 Pa. Superior Ct. 461; McCoy v. Niblick, 221 Pa. 123.

OPINION BY HENDERSON, J., July 13, 1911:

The plaintiff was a subcontractor employed to build a foundation for the house which Doherty, the contractor, had agreed to build for the appellant. The subcontractor's undertaking was for the whole of the foundation work at the price of $4.35 a perch. The plaintiff began the work about July 25, and had it practically completed on August 10. A little additional work was to be done after the sills were laid by the carpenters. On the date last named the contractor filed a voluntary petition in bankruptcy and the same day was adjudged a bankrupt. Proceedings were then suspended in the construction of the house, nothing further being done by the plaintiff until December 8, when he finished the work on his contract. No objection is made to the regularity of the proceedings to enforce the lien, the principal defense being that the work done by the plaintiff on December 8, was ineffective to extend the time within which a lien might be entered against the owner, because of the adjudication in bankruptcy against the contractor. The right to a lien is not denied and could not be for it was not "obtained through legal proceedings" and is therefore not forbidden by the national bankruptcy act of 1898. It is only liens created by suit or proceedings at law or in equity begun within four months before the filing of the petition in bankruptcy which are dissolved by the adjudication of such person in bankruptcy. The plaintiff's claim was attached by law to the building as of the date when the first work was done on the ground and remains a lien without any act of co-operation on the part of the claimant. It was in force therefore at the date of the adjudication in bankruptcy and was a charge on the appellant's land. During the time within which the lien could be filed the plaintiff had "a preferential statutory claim" which was perfected by filing the lien after the adjudication in bankruptcy: Wagner v. Burnham, 224 Pa. 586. The twentieth section of the mechanic's lien law of June 4, 1901, P. L. 431, provides that "Where proceedings in bank-

ruptcy or insolvency are instituted by or against any contractor or owner, they shall operate to suspend all proceedings upon any contract or subcontract with him for labor to be done or labor or materials to be furnished to the structure or other improvement, and if he be adjudicated a bankrupt or insolvent, or if he should die, then such contractor or subcontractor may, at his option, refuse to proceed further under his contract." The apparent meaning of this section is that where proceedings in bankruptcy are instituted against an owner or contractor and he is adjudged a bankrupt or dies then the contractor or subcontractor as the case may be may exercise the option to proceed further on his contract or to terminate it at that point and where the subcontractor proceeds with the execution of the contract he is entitled to the same protection by lien that he would have if the owner or contractor had not been adjudged bankrupt. The plaintiff's right is not because of any contract existing between him and the appellant but is purely statutory. The labor and material furnished by him presumably improved the value of the appellant's property and the policy of the law is to secure such person by lien against the real estate. In perfecting his claim by completing the work according to the contract the plaintiff has not transgressed any statute and as he is now not asserting any claim against the bankrupt estate no good reason appears why he is not entitled to the relief claimed.

The complaint set forth in the fourth and fifth assignments that the court permitted the plaintiff to introduce additional evidence after a motion for a nonsuit had been made does not present a case for reversal. It was a matter to be disposed of according to the discretion of the court. The plaintiff was not in any wise prejudiced or put at a disadvantage: Barnhart v. Pettit, 22 Pa. 135; McCoy v. Niblick, 221 Pa. 123.

The judgment is affirmed.