## JACKSON *v.* EDWARDS.

BECK, J. A bankrupt applied to have an exemption to the amount of $300 set apart to him in the court of bankruptcy. Certain articles of personalty were set apart and delivered to him. The difference between their value and $300 was set apart in money as an exemption in lieu of an equivalent amount of household and kitchen furniture and provisions. The holder of certain promissory notes containing a waiver of homestead and exemption filed a petition in the State court, and a receiver was appointed to apply for and obtain possession of the sum of money so set apart, and it was sought to have such sum applied to the waiver notes, which were for a greater amount. *Held:*

1. The setting apart in the court of bankruptcy of a sum of money in lieu of household and kitchen furniture and provisions did not make such sum exempt from the operation of the waiver contained in the notes, as being a non-waivable exemption under article 9, section 3, paragraph 1, of the constitution of 1877.

2. The holder of such waiver notes was not compelled to withhold his claim and make no proof of it in the bankrupt court, on account of the possibility that the bankrupt might apply for an exemption. If he were compelled to elect in advance, and not file any claim in the court of bankruptcy, because of the existence of such waiver in his notes, and the bankrupt should make no such application, he would be left with neither a claim in bankruptcy nor an exemption which he might enforce. He is not compelled in advance to elect between claiming as a creditor, and the possibility that the bankrupt may subsequently claim an exemption,

which will be treated as not administered in bankruptcy, and which may be subjected under his waiver.

(a) Proof that the holder of such waiver notes filed in the court of bankruptcy his claim represented by such notes, and "had participated in all the proceedings in said court, was represented by counsel throughout the entire proceedings, had notice of the setting apart of said homestead in specifics and cash, and had interposed no objection thereto," did not destroy the right of the holder of the notes containing the waiver to subject a sum of money set apart as an exemption in bankruptcy.

(b) It did not appear that the holder of such waiver notes received any dividend in the court of bankruptcy, or the amount thereof, or that his claim had been reduced from its original amount. Nor is the effect of such facts, if existing, determined.

> *Judgment affirmed. All the Justices concur.*
> SEPTEMBER 26, 1911.

Complaint. Before Judge Fite. Catoosa superior court. February 11, 1910.

*J. M. Rudolph,* for plaintiff in error. *W. E. Mann,* contra.