No. 24,553.

NATHAN SCHLOSS et al., *Appellants,* v. O. E. UNSELL and H. E. UNSELL, *Appellees.*

### SYLLABUS BY THE COURT.

1. HOMESTEAD—*Widower Without Dependents or Minor Children May Waive Homestead Rights.* A widower, without dependents or minor children, engaged with another in a mercantile business, may waive his homestead rights in favor of a wholesale house in a written application to that house for the purchase of goods on credit.

2. SAME—*Waiver of Homestead Rights—Bankrupt Debtor—Creditor May Resort to Homestead.* A creditor who has a valid waiver of homestead rights by his debtor, who is adjudged a bankrupt, may resort to the homestead property for the payment of the remainder of his claim after that claim has been allowed against the bankrupt's estate without any reference to the waiver of homestead rights and after the creditor has received substantial dividends thereon from the bankrupt's estate.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed July 7, 1923. Reversed.

*W. P. Hackney, L. D. Moore,* both of Winfield, and *Clarence K. Bowie,* of Baltimore, Md., for the appellants.

*Albert Faulcomer, Kirke W. Dale,* and *C. L. Swarts,* all of Arkansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment sustaining the defendants' demurrer to the plaintiffs' petition.

The defendants O. E. Unsell and H. E. Unsell were partners engaged in the mercantile business in Arkansas City. They purchased

goods from the plaintiffs, and to obtain credit therefor, O. E. Unsell for the firm signed a statement which contained the following:

"The above statement has been carefully read by the undersigned, and is a correct statement of my or our financial condition, and on the basis of same I or we ask credit of Schloss Bros. & Co., of Baltimore, and as a future consideration, to assure payment of any obligations based hereon, hereby assign all right, title and interest to any and all homestead and other exemptions to which I or we may be by law entitled, giving said firm the right to claim said exemptions to the full amount that I or we now or may hereafter owe said Schloss Bros. & Co., and agree to waive the terms or conditions of purchase on any bills or notes that I or we now or hereafter may owe the said firm should I or we become insolvent or make an assignment of property for one or more creditors and hold said firm harmless from any action taken to secure the sum or sums owing to them."

The petition alleges that goods were thereafter sold by the plaintiffs to the defendants, on which, at the time the action was commenced, there was due from the defendants to the plaintiffs, the sum of $5,902.96.

The petition further alleges—

"That thereafter and on February 2, 1921, the defendants were duly adjudged bankrupts in the United States district court, district of Kansas, second division, sitting at Wichita, Kansas. That thereafter these plaintiffs filed their claim against said bankrupts in the sum of $7,288.81, which included the sum of $116.90 as interest. That said claim was allowed in said bankruptcy case in the sum of $7,171.91. That said bankrupts listed these plaintiffs as a creditor in the sum of $7,220.45. That thereafter the trustee of the estate of the defendants paid to plaintiffs a twenty per cent dividend on their claim, being the sum of $1,434.38. That said bankrupt estate has never been closed, nor have the defendants been discharged therein. That there may be upon the closing of said estate in federal court a small additional dividend paid, but that such dividend will be inconsequential in sum and will not nearly pay the balance due plaintiffs from defendants."

The petition also alleges that O. E. Unsell is a widower without dependents or minor children and that he owns certain real property in Arkansas City and occupied it as his homestead at the time the statement was signed and has continuously so occupied it until the present time. The plaintiffs ask judgment against the defendants for $5,902.96 with interest and that the sum due be found and decreed a first lien on the real property occupied as a homestead.

1. The plaintiffs argue that the homestead rights of O. E. Unsell have been waived in their favor by the written statement signed by him for the purpose of obtaining credit. 29 C. J. 952 uses this language:

"Aside from waiver by mortgage, the homestead exemption may be waived by contract provided for such waiver. A waiver of homestead rights must be supported by an adequate consideration, and must comply with any statutory requirements on the subject which may exist. The contract must in general be in writing; and the exemption cannot be waived by a mere parol declaration."

If O. E. Unsell had any homestead right in the property which the plaintiffs seek to reach, that right was waived so far as the plaintiffs were concerned by the written statement signed by O. E. Unsell for his firm.

2. It is argued that the plaintiffs cannot proceed against this property because they have filed their claim against the bankrupt estate, which claim has been allowed and on which a substantial payment has been made. The petition does not allege that when the claim was filed, any mention was made of the fact that the plaintiffs claimed any security for the payment of the debt owing to them. Their claim was allowed as that of a general creditor and payment on it has been made as such. The plaintiffs are seeking to subject the homestead of O. E. Unsell to the payment of the remainder of their claim. If their contention is good that Unsell waived his homestead rights, the claim of the plaintiffs is a secured claim, or one in the nature of a secured claim, but the property by which it is secured cannot become assets of the estate in the hands of the trustee. A secured creditor who proves his claim in bankruptcy as unsecured waives his security. (7 C. J. 285; *In re Burr Mfg. & Supply Co.*, 217 Fed. 16, 20; 1 Collier on Bankruptcy, 12th ed., 801.)

If a creditor has a lien on property which, without the lien, would become a part of the bankrupt estate as assets in the hands of the trustee, and the creditor proves his claim without mention of his lien and receives dividends thereon, he should not afterward be permitted to hold the lien and thereby decrease the general assets of the estate. Under such circumstances, the debtor is not injured by the failure of his creditor to mention the lien when the claim is allowed for the reason that, if the lien does not attach to the property, it becomes assets in the hands of the trustee. If it is assets, the debtor cannot hold it against the trustee who would be entitled to the property if no lien existed.

A different situation would exist where a lien is claimed on exempt property that cannot become assets in the hands of the trustee. In

such a case, the exempt property might be taken by the lien creditor and applied to the payment of his claim without reference to the bankruptcy proceeding. If the lien creditor proved his claim in the bankruptcy proceeding and received part payment out of the assets, the debtor's exempt property would to that extent be relieved from the payment of the claim. The creditors would have no cause of complaint, because they cannot look to the exempt property for the payment of their claim, nor compel other creditors to resort to that property and thereby leave a greater amount in the assets of the bankrupt estate. The debtor would have no cause for complaint, because the claim against the exempt property would be reduced by the amount received. If Unsell be allowed to retain the homestead without liability for the payment of the plaintiffs' claim, he has been benefited by the plaintiffs having their claim allowed as an unsecured claim in the bankruptcy proceedings. He has been benefited by the payments made on that claim for the reason that, if those payments had not been made, the homestead would be liable for the plaintiffs' entire claim; that liability has been reduced by the amount paid. Unsell should not be heard to complain until he has been injured. He has not been injured. He will not be injured when the homestead property has been subjected to the payment of the remainder of the plaintiffs' claim. The conclusion reached is supported by *Stewart-Noble Co. v. Bishop Co.*, 62 Colo. 197; *Jackson v. Edwards*, 136 Ga. 888; *McBride v. Gibbs*, 148 Ga. 380; *Coker v. Utter*, 152 Ga. 157; *Starks, &c., v. Curd, &c.*, 88 Ky. 164; *Merchants Nat. B'k of Syracuse v. Comstock*, 55 N. Y. 24; *Shelley's Appeal*, 36 Pa. St. 373; *Johnson v. Worden*, 47 Vt. 457; and *In re Sauthoff et al.*, Case No. 12,379, 21 Fed. Cases, p. 540.

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer and proceed with the cause.