McCLOSKEY v. DOWNINGTOWN WOOLEN MILLS, Inc.

District Court, E. D. Pennsylvania.    June 7, 1927.

No. 3023.

1. Mechanics' liens ⊂⊐211(3)—Claimant's acceptance of 60-day note for amount due held not to preclude filing of lien before maturity of note (Mechanic's Lien Act Pa. § 1 [Pa. St. 1920, § 14665]).

Under Mechanic's Lien Act Pa. § 1 (P. L. 297; Pa. St. 1920, § 14665), providing that the giving of credit or the receiving of collateral security shall not operate as waiver of right to file claim, "but shall delay voluntary proceedings thereon by the claimant until the time the credit shall have expired," lien claimant's acceptance of 60-day note for amount due *held* not to preclude filing of claim within such 60-day period.

2. Receivers ⊂⊐77(6)—Appointment of receiver on grounds other than insolvency held, under statute, not to affect contractor's right to file and perfect lien (Mechanic's Lien Act Pa. § 20 [Pa. St. 1920, § 14671]).

Under Mechanic's Lien Act Pa. § 20 (P. L. 441; Pa. St. 1920, § 14671), declaring that bankruptcy or insolvency shall suspend all proceedings on any contract, but preserving right to file claim or sue on contract, the appointment of a receiver on grounds other than that of insolvency, a contingency not specifically mentioned in such section, does not prevent contractor from filing and perfecting lien.

3. Receivers ⊂⊐78—Filing of mechanic's lien against property in hands of receiver without consent of court held valid, but not approved.

Contractor's filing of mechanic's lien after appointment of receiver for owner without leave of court *held* valid, though course was not to be approved.

In Equity. Creditors' bill by one McCloskey against the Downingtown Woolen Mills, Inc. On exceptions to report of master appointed to audit accounts of receiver. Exceptions sustained in part, and overruled in part.

Isaac A. Pennypacker, of Philadelphia, Pa., for receiver.

Joseph G. Denny, Jr., of Philadelphia, Pa., and Wm. Tregay, of Coatesville, Pa., for Maxwell.

G. Von Phul Jones, of Philadelphia, Pa., for American Bank & Trust Co.

E. W. Young, of West Chester, Pa., for Pollock.

THOMPSON, District Judge. A creditors' bill was filed, averring that the Downingtown Woolen Mills, Inc., owned assets largely in excess of its liabilities, that it was presently unable to pay its creditors, that it was threatened with numerous suits, that its embarrassed condition was due to lack of sufficient working capital, and that, unless a receiver was appointed, its assets would be sacrificed and its business, which might be profitably carried on to the advantage of all creditors, would be destroyed. The answer of the corporation admitted the averments of the bill. Thereupon, on April 12, 1924, a receiver was appointed for the conservation of assets, with leave to continue the business. Subsequently, conditions in the woolen trade not having been such as to justify the hopes of the plaintiffs and other creditors, sales of the real estate and personal property of the defendant were had under orders of court, and a special master appointed to audit the accounts of the receiver. The case comes before the court upon exceptions to the master's report.

[1] J. W. Maxwell & Son, who were engaged in the business of plumbing and heating, filed exceptions to the disallowance by the master of a preferred claim for $1,652.67 upon a mechanic's lien for labor and material furnished between November 27, 1923, and March 27, 1924, under an oral contract with the corporation for new work upon its plant. On March 5, 1924, the defendant gave the claimant its note, payable 60 days after date, in the sum of $1,753.81, being the entire amount then due and claimed. The note matured on May 4, 1924, and was not paid. Prior thereto on April 25, 1924, without praying for leave of court, the claimant filed its claim in the office of the prothonotary of the court of common pleas of Chester county, where the real estate of the defendant was situated. The master found from the evidence that the note was not given in payment or satisfaction of the debt, but held that, under Mechanic's Lien Act April 24, 1903, § 1 (P. L. 297; Pa. St. 1920, § 14665), the taking of the note was a giving of credit, and suspended, until the note became due and was then unpaid, the contractor's right to file a claim. The act provides:

"The giving of credit or the receiving of collateral security shall not operate to waive the right to file a claim, but shall delay voluntary proceedings thereon by the claimant until the time credit shall have expired."

The master construed the language of the Act of April 24, 1903, above cited, to mean that the right to file a claim was delayed until the time the credit shall have expired. I think the master erred in failing to distinguish between the right to file a claim and the right to take "proceedings thereon" for the enforcement of his claim. A claim filed within the statutory period of six months becomes a public record, and is not only a prerequisite to final recovery, but is notice to the property

owner and to the whole world that a lien is claimed against the property. There is no restriction in the act upon the length of time for which credit may be extended, so that, if credit were extended for a period of over six months, and the time for filing the claim was delayed until the time credit expired, there would be no public record of the existence of the claim, and the claimant's lien would be lost. But the act provides in other sections for proceedings to enforce the lien claimant's rights and to collect his debt.

The term "voluntary proceedings," therefore, was apparently intended by the Legislature to mean proceedings by the claimant to enforce his lien, and is used as a term opposed to those proceedings which may be taken by the owner or other party, adverse to the claimant, to attack the validity of the lien by, for example, motion to strike off; that is, proceedings involuntary on the part of the claimant. The proper construction of the act, therefore, is held to be that the giving of credit does not waive the right to file a claim within the statutory period, but does delay proceedings by the claimant to enforce his lien until the time of credit shall have expired. The claimant, therefore, had a right to file his claim prior to the maturity of the note.

[2] The master also held the claim invalid because of the provisions of section 20 of the Mechanic's Lien Act of June 4, 1901 (P. L. 431; Pa. St. 1920, § 14671), which provides:

"Where proceedings in bankruptcy or insolvency are instituted by or against any contractor or owner, they shall operate to suspend all proceedings upon any contract or subcontract with him for labor to be done or labor or materials to be furnished to the structure or other improvement, and if he be adjudicated a bankrupt or insolvent, or if he should die, then such contractor or subcontractor may, at his option, refuse to proceed further under his contract. * * * When any such contract has been suspended or ended, the right to file a claim or to sue under the contract shall remain; and may be exercised with the same effect as if further proceedings under such contract, had been determined by consent of all parties."

It was held by the special master that, inasmuch as the bankruptcy or insolvency of either party to such a contract operates to suspend proceedings upon the contract, and, when so suspended or ended, the right to file a claim shall remain, and no provision is made for the suspension or right to file a claim in the case of a receivership in equity, it was the intention of the Legislature that such right should not arise where a receiver in equity had been appointed, and therefore a contractor may not file a claim and perfect his lien where a receiver in equity has been appointed on other grounds than that of insolvency.

A reading of the section cited makes it apparent that it does not apply to the claim before us. It is directed to the suspension of proceedings upon a contract, which clearly means a contract for labor and materials which has not been completed. It does not by its terms refer to proceedings under the statute for the filing of liens or for the recovery of the debt.

As to contracts uncompleted when bankruptcy or insolvency proceedings are instituted, all proceedings upon the contract are ipso facto suspended. The contractor then has the option to refuse to proceed further. The present case is the case of a completed contract. There was nothing further to be proceeded with. As section 20 does not apply by its very terms to cases where there are no further proceedings upon the contract, the fact that the cases of receivership without insolvency are not included is of no consequence.

[3] We come now to the effect of filing the claim after receivership without leave of court. When a receiver has been appointed, the appointment is for the benefit of all concerned, and the status of the property and all interests are preserved as of the date of the appointment, subject to a disposition of the same by the chancellor. The receiver takes the property in the same plight and condition, and subject to the same liens, as he finds it in the hands of the person or corporation out of whose possession it is taken. Commonwealth Roofing Co. v. North American Trust Co. (C. C. A.) 135 F. 984.

Under the Mechanic's Lien Law, the contractor has an inchoate preferential statutory claim in the nature of a nonperfected equitable lien. In re Grissler (C. C. A.) 136 F. 754; Wagner v. Burnham, 224 Pa. 586, 73 A. 990. This exists from the time the visible work upon the land is begun. The claimant here had completed its work, and all that was required to perfect its lien was the filing of the claim.

The land being, therefore, subject to the inchoate equitable lien of the claimant at the time of the date of the receivership, an application for leave of court to perfect its lien by filing its claim would, doubtless, have been granted, in order for it to comply with the statutory requirement giving it a preference out of the proceeds of the sale of the real estate over general creditors; futher proceedings upon the claim, however, to be worked out in the receivership proceedings, and not

under the statutory procedure. While the course pursued by the claimant is not approved, it was not an actual interference with the possession of the receiver. Whatever its effect may be, it may not be set up as a defense to the claim. The only procedure available to the receiver would have been upon proceedings for contempt, and such action was not taken.

I think the master was in error in disallowing the claim. The claimant's exceptions are sustained, and it is ordered that the claim be allowed with interest.

A brief was filed on behalf of W. I. Pollock, Jr., in support of a claim based upon a mechanic's lien, which was disallowed by the master. No exceptions were filed to the master's report in accordance with Supreme Court equity rule 66. As to this claim, the report will stand confirmed, not only because no exceptions were filed, but because, upon consideration of the master's report, no error is found in the findings of fact nor conclusions of law.

The exceptions of the American Bank & Trust Company have been carefully considered, and, discovering no merit therein, they are overruled, for the reasons set out in the master's report.