In the Matter of HEMPFIELD HOMES, INC., Bankrupt,

and

Hempfield Land Corporation, Bankrupt.

Peter Lumber Company, Claimant and Petitioner.

Nos. 24972, 24973.

United States District Court
E. D. Pennsylvania.
June 2, 1959.

---

Russell L. Hiller, Reading, Pa., referee.

James P. Coho, Lancaster, Pa., trustee.

William B. Arnold, Lancaster, Pa., for Peter Lumber Co.

BIGGS, Circuit Judge.*

The decision of the Referee is erroneous as a matter of law. The pertinent facts follow.

From July 11 to December 28, 1956, Peter Lumber Company, the claimant, supplied materials to the bankrupt, Hempfield Homes, Inc., as contractor, for or toward the erection of two new dwelling houses on land owned by the bankrupt, Hempfield Land Corp. On January 17, 1957, Peter, as a subcontractor, served on Land Corporation notice of intention to file mechanics' liens as required by 49 P.S.Pa. § 101. Thereafter Peter filed proof of service of the notice in the appropriate Court of Common Pleas. On February 12, 1957, Hempfield Land Corporation and Hempfield Homes, Inc. were adjudicated bankrupts and on April 3, 1957, a trustee was appointed who qualified by giving bond as required. On June 7, 1957, Peter's mechanics' lien claims were filed in the Court of Common Pleas of Lancaster County.[1] On October 7, 1957, the Referee ordered the real estate of the land corporation to be sold free and clear of all liens and encumbrances, the liens and encumbrances to

---

* Specially designated.

1. The three statements of fact in this opinion immediately preceding this note, are made by the court on the basis of the claimant's brief, viz.: (1) "Thereafter Peter filed proof of service of the notice in the appropriate Court of Common Pleas." (2) " * * * and on April 3, 1957, a trustee was appointed who qualified by giving bond as required." (3) "On June 7, 1957, Peter's mechanics' lien claims were filed in the Court of Common Pleas of Lancaster County."

There is nothing in the record as certified to us by the Referee which supports these statements but we understand that they are undisputed.

attach to the proceeds of the sale. On October 31, 1957, the real estate was sold at public auction and a fund secured. Peter's secured claims had been filed with the Referee March 13, 1957.

The Referee held in an opinion dated March 20, 1959, that Peter's claim was within the purview of Section 67, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a, and did not fall within the exemption provisions of Section 67, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. b [2,3] since the lien, although inchoate, was not perfected.[4] In a supplemental opinion entitled "Memorandum in Aid of Review" the Referee arrived at the same conclusion but for the reason that Peter's mechanics' liens did not "arise"; indeed that they were not even inchoate, prior to the adjudication in bankruptcy, and therefore were not entitled to the benefit of the exclusionary provisions of Section 67, sub. b.

We cannot agree with either of these bases. The Referee's second position may be disposed of quickly since it is the law of Pennsylvania that when material is furnished by a subcontractor to a job a lien albeit an inchoate one, arises immediately upon the furnishing of the material. Wagner v. Burnham, 1909, 224 Pa. 586, 73 A. 990; Hastings v. Thompson, 1911, 47 Pa.Super. 424; McCloskey v. Downingtown Woolen Mills, Inc., D.C.E.D.Pa.1927, 20 F.2d 190.

That lien is subsequently perfected by steps specifically outlined in the Pennsylvania Mechanics' Lien Law. Every step which could have been taken by the claimant Peter, was taken, even to the point of filing mechanics' lien claims after the adjudications. The Referee takes the position that a mechanics' lien under the law of Pennsylvania can be perfected only by the institution of proceedings under a writ of scire facias and reduction to judgment of such proceedings.[5] Here such a step would have been completely unrealistic since the real estate was in the possession of the Bankruptcy Court and was sold by it in accordance with law long prior to the time, two years from date of filing of the claim in the State court, within which the writ had to issue. 49 P.S.Pa. § 52. Notice was given to the Bankruptcy Court of the

---

**2.** Section 107, sub. b is as follows: "The provisions of section 96 of this title to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or to any State or any subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition initiating a proceeding under this title by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court."

**3.** The Referee stated: "Section 67(b) excludes statutory liens including liens in favor of mechanics from the nullifying affect (sic) of the former section (Section 67(a) * * *." Implicit in this statement is the assumption that Section 67(a) deals with the subject matter of Section 67(b), viz., "statutory liens". In view of the grounds for decision here, we need not, and do not, express an opinion in this regard, although a distinction is commonly made between "judicial liens", the subject matter of Section 67(a), and "statutory liens", the subject matter of Section 67(b). See e. g., 4 Collier, Bankruptcy Par. 67.03, Par. 67.20(2) at p. 182 (1954).

**4.** The Referee set forth what he thought to be required for perfection of liens. "We hold that in order to perfect a mechanic's lien claim within the meaning of Section 67(b) of the Bankruptcy Act it is necessary (1) the mechanic's lien claim be filed prior to the institution of bankruptcy proceedings, (2) that scire facias proceedings be instituted on the mechanic's lien claim within the two year statutory period allowed by the Pennsylvania Act and (3) that such scire facias proceedings be reduced to judgment."

**5.** Note 4, supra.

liens and their nature by the secured claims. In short, the provisions of the last sentence of Section 67, sub. b of the Bankruptcy Act were complied with as fully as could be by the claimant. See note 2, supra. The claimant was not required for sake of form to take the steps to perfect a lien under State law which the Referee required. In re Rochelle Construction Corp., D.C.S.D.N.Y.1957, 152 F.Supp. 280, 281.

The order of the Referee disallowing the claims as secured claims will be reversed and the case will be remanded to the Referee to take appropriate action in accordance with this opinion.

An appropriate order may be submitted.