# Guttshall, Appellant, *v.* Horn.

*Mechanic's lien—Discharge of lien—Parties—Intervention.*

A mechanic's lien on which judgment has been entered prior to a sheriff's sale in mortgage foreclosure proceedings, cannot be attacked by the purchaser, who had no interest in the property before such sale.

The lien is relegated to the fund raised by the sale, and the pur-

chaser has no interest in that fund and would not be injured by the enforcement of the lien against it.

Argued March 7, 1918.   Appeal, No. 33, March T., 1918, by plaintiff, from order of C. P. Luzerne Co., March T., 1917, No. 672, making absolute rule to strike off lien in case of Jacob Guttshall v. Daniel Horn and J. P. Costello.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Rule to strike off mechanic's lien.   Before GARMAN, J.

*Error assigned* was order making absolute rule to strike off lien.

*Granville J. Clark,* with him *Joseph H. Jones,* for appellant, cited: Nolt v. Crow, 22 Pa. Superior Ct. 113; Pagnacco v. Faber, 224 Pa. 18; Haney v. Moorehead, 61 Pa. Superior Ct. 187.

*Richard L. Bigelow,* for appellee, cited: Shannon v. McDuffee, 2 D. R. 230; Grove v. Lewis, 17 Pa. C. C. R. 452; Early v. Albertson, 2 W. N. C. 369.

OPINION BY WILLIAMS, J., July 10, 1918:

December 10, 1915, Mary McGuire recorded a mortgage for $1,500 against real estate of Daniel Horn.   In February, 1916, Guttshall contracted to do carpenter work on a building being erected on the premises.   The work was abandoned by Horn, who, on January 20, 1917, sold to Costello.   January 24th, an execution issued against the property under the mortgage.   February 23d, Guttshall filed a mechanic's lien for the carpenter work against Horn and Costello.   February 26th, they entered into an agreement of amicable sci. fa. sur mechanic's lien and confessed judgment.   March 10th, the premises were sold to Gorman at sheriff's sale.   May 16th, Gorman was allowed to intervene as defendant, and, July 16th, a rule to show cause why the lien should not be stricken off was granted.   Plaintiff demurred, be-

GUTTSHALL, Appellant, v. HORN. 81

cause, inter alia, Gorman was not an interested party. December 13th, the rule to strike off the lien was made absolute. Guttshall appealed.

The demurrer should have been sustained. The sheriff's sale discharged the real estate from the lien of plaintiff's claim, and relegated Guttshall to the fund arising therefrom for satisfaction: Rosenberg v. Cupersmith, 240 Pa. 162, 165. So far as the record discloses, Gorman has no interest in the fund, and would not be injured by the enforcement of the lien against it. As was said by MESTREZAT, J., in Pagnacco v. Faber, 224 Pa. 18, 23: "The words of the statute (Act of June 4, 1901, P. L. 431) manifestly contemplate that the party entitled to intervene......must have some estate or title in the property that will be affected injuriously by the enforcement of the lien."

The order is reversed and the record remitted to the court below with direction that the rule be reinstated and discharged.