**STATE et al v. NIX et al.**

No. 13899.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 13, 1942.

See, also, 138 S.W.2d 924.

Gerald C. Mann. Atty. Gen., and Pat M. Neff, Jr., and Geo. W. Barcus, Asst. Attys. Gen., for the State.

Wm. Madden Hill, of Dallas, for Howard Dailey.

Steve M. King, U. S. Atty., of Beaumont, and J. L. Backstrom, of Dallas, and B. W. Berg, of Washington, D. C., Sp. Attys., for the United States.

SPEER, Justice.

This suit originated in the district court of Gregg County, Texas, was appealed to the Texarkana Court of Civil Appeals and under an order equalizing the dockets of Courts of Civil Appeals, was transferred to this court. We prepared a tentative opinion in the case and certified the two controlling questions involved to the Supreme Court. The questions were answered and the record returned to us for further consideration. This court thereafter handed down its opinion in conformity with the conclusions expressed by the Supreme Court in answer to the certified questions. Upon application by one of the Departments of the Federal Government, the U. S. Supreme Court issued its writ of certiorari in the case and reviewed our opinion, in which the State Supreme Court had refused application for writ of error. The U. S. Supreme Court reversed and remanded the cause to us with instructions to enter judgment conforming to its opinion, styled and reported by that Court in United States of America v. State of Texas, 62 S.Ct. 350, 86 L.Ed. ——.

The original action involved a suit by the holder of a note and chattel mortgage lien executed prior to the claims of the State of Texas, for $40,312.51, due for excise taxes and penalties, under the Motor Fuel Act, Article 7065a—1, Vernon's Ann. Civ.St., and that of the Federal Government for a similar tax of approximately $19,343.91, under the provisions of U. S.. Revised Statutes, § 3466, 31 U.S.C.A. § 191. Each of the parties—the individual owning the original note and mortgage, the State of Texas and the Federal Government— sought a foreclosure of a first and superior lien on the property of the maker of the note and mortgage lien, he being engaged in the manufacture of motor fuel under the trade name of Texas Refinery. A more comprehensive statement of the case will be found in the certificate by us to the State Supreme Court, in State et al. v. Nix et al., 134 Tex. 476, 133 S.W.2d 963, and in our subsequent opinion in same styled case 138 S.W.2d 924, and we deem it unnecessary to add anything more at this time.

A receiver was appointed by the court and before the date of trial all properties involved were sold by the receiver, and, after paying all expenses of receivership ordered and approved by the court, the receiver had on hand $7,516.92; which amount was paid into the treasury of the court. It was stipulated upon the trial that from the amount on hand the receiver should be paid an additional $75 for services rendered.

The trial court found that Nix, operating as Texas Refinery, owed Howard Dailey,. the intervening plaintiff, the sum of $1,294.-80, and that he had a first lien on the property. The court ordered him paid out of the funds in the treasury of the court.

The judgment finds that Nix was due and owing to the Federal Government $19,343.91, for taxes, and that the amount was secured by a lien second and inferior to that of Dailey's. It was ordered that the unpaid cost and $75 to the receiver be first paid out of the funds in the treasury, and that the judgment in favor of Dailey be satisfied and the remainder applied on the judgment of the Federal Government.

It was also found that Nix was indebted to the State of Texas for taxes in the sum of $40,312.51, secured by a third lien on the property involved, subject to the liens of Dailey and the Federal Government, and in that order.

Judgment was entered in favor of each of the interveners, Dailey, the Federal Government and the State of Texas, for the amount found to be due and owing, together with stipulated interest thereon, and foreclosure of the lien of each, in the order above set out; but finding that the property had been sold by the receiver and payment on the judgments was ordered as above set out, until the funds were absorbed.

In obedience to the answers of certified questions by the State Supreme Court, we held (138 S.W.2d 924) that the judgment in favor of the State of Texas should be satisfied first from the funds on hand, the judgment of intervener Dailey second, and those of the Federal Government third.

The U. S. Supreme Court has held in the opinion cited in the early part of this discussion, the claim of Dailey not being before it for determination, that as between the Federal Government and the State of Texas, the judgment of the Federal Government has priority over that of the State of Texas. It has thus been determined by the State Supreme Court that Dailey's (the intervener plaintiff's) claim is inferior to that of the State of Texas, and the U. S. Supreme Court has held that the State's claim is inferior to that of the Federal Government. The funds in the treasury of the trial court are insufficient to satisfy the judgment in favor of the Federal Government and no necessity arises for apportioning any deficit after payment of the judgment due the Federal Government.

No reason exists why the cause should be remanded to the trial court, and we therefore affirm that part of the judgment entered in favor of each of the interveners, Howard Dailey, the Internal Revenue Department of the U. S. Government and the State of Texas. That part of the judgment giving priority to the State of Texas over the judgment in favor of the Federal Government will be reformed and priority will be given to the latter over the former. The trial court is directed to apply the funds now in its treasury (after payment of costs unpaid by the receiver and payment to the receiver of $75) to the partial payment of the judgment in favor of the Federal Government.

In this appeal, both Howard Dailey and the State have lost as against the Federal Government; the State has prevailed over Dailey. The costs of the appeal incurred up to and including the entry of the judgment of this court under date of March 15th, 1940, will be taxed against the appellee Howard Dailey. All costs of the appeal incurred subsequent thereto will be taxed against the State of Texas.

The judgment of the trial court, as reformed, will be affirmed. It is so ordered.