## Bender et al. v. Mancino et al.

*Cobau & Berry* and *Joseph D'Errico & Son,* for plaintiffs.

*Caldwall & McFate* and *Maurice Levinson,* for defendants.

BRAHAM, P. J., December 31, 1954.—This is a proceeding to distribute the proceeds of a sheriff's sale. The principal dispute concerns the respective priority of a Federal tax lien and of mechanic's liens arising before but not reduced to judgment until after the filing. From the evidence we make the following

*Findings of Fact*

1. On March 6, 1953, William H. Bender, Walter I. Bender and Carl W. Bender, trading as Wm. M. Bender and Sons, caused a writ of levari facias to be issued at the above stated number and term against Rocco Mancino and Helen Mancino, his wife, to recover the sum of $2,375 with interest from December 1, 1951, and costs.

2. Sale of defendants' real estate was made on April 6, 1953, to George Warren and Anna Warren, his wife, for the sum of $17,300. The specific property sold was described as follows:

"All those certain Lots Nos. 14, 15 and 16 in the H. V. Brown's Plan of Lots in Union Township, Lawrence County, Pennsylvania, as recorded in Lawrence County Plot Book Vol. II, page 49, and being more particularly bounded and described as follows, to wit:

"Bounded on the East by Pearl Street; on the South by Lot No. 13 in said Plot; on the West by an alley;

and on the North by Lot No. 17 in said Plot, fronting 150 feet on Pearl Street and extending back a distance of 120 feet to said alley. Being the same lands conveyed to Rocco Mancino and Helen Mancino, his wife, by deed duly recorded in Lawrence County Deed Book Vol. 368, Page 15.

"IMPROVEMENTS: Having erected thereon a one story (California style) stone dwelling with composition roof; containing 6 rooms and 2 baths; also a 2 car garage; gas, water and electric. Newly constructed."

3. The liens against the land described above as shown on the sheriff's schedule of distribution together with the facts with respect to each several lien are as follows:

A. Judgment lien of Wm. M. Bender et al., plaintiffs herein, based on a mechanic's lien filed at No. 6 September term, 1952 M. L. D., on August 2, 1952. Proof of notice was filed August 11, 1952. Scire facias was issued on the lien on October 22, 1952, at No. 44 December term, 1952, and the claim was reduced to judgment on January 14, 1953, in the amount of $2,392.75 with interest from December 1, 1951. Plaintiffs claimed to have furnished materials and labor from October 25, 1950, to July 18, 1952.

B. Taxes, 1953 county and institution: Frank W. Hill, $39.17.

C. Mechanic's Lien of Pittsburgh Plate Glass Company, a corporation, v. Rocco Mancino and Helen Mancino, filed at No. 3 September term, 1952 M. L. D., on July 2, 1952. The claim was in the amount of $700.25. The lien asserts that the materials and labor were furnished between August 20, 1951, and January 10, 1952, the last labor and materials having been furnished on the latter date. Proof of notice of filing the lien was filed July 9, 1952. No further proceedings were had on this lien.

D. Mechanic's lien of Citizens Lumber Company v. Rocco Mancino and Helen Mancino, filed July 2, 1952, at No. 2 September term, 1952 M. L. D. The claim was in the amount of $1,168.45 with interest from January 1, 1952. The lien asserts that materials were furnished and work done between October 24, 1950, and February 29, 1952, the last materials having been furnished February 29, 1952. Proof of notice of filing the lien was filed on July 9, 1952. Scire facias was issued on this lien on November 7, 1952, and the claim was reduced to judgment on February 19, 1953, in the amount of $1,168.45 with interest from January 1, 1952.

E. Mechanic's lien of Joseph D'Errico and Michael D'Errico, trading as Joseph D'Errico and Son, v. Rocco Mancino and Helen Mancino, filed August 12, 1952, at No. 9 September term, 1952 M. L. D. The claim was in the amount of $1,563 with interest from December 20, 1951. The lien asserts that the materials and labor of plaintiffs were furnished between June 15, 1951, and December 1, 1951, the last materials being furnished on December 1, 1951, at which time the contract was completed. Proof of notice of the filing of the lien was filed on August 2, 1952. No further proceedings were had on this lien.

F. Mechanic's lien of Angelo Chiafullo v. Rocco Mancino and Helen Mancino, filed April 2, 1953, at No. 14 June term, 1953 M. L. D. The amount of the claim was in the amount of $1,840.96 with interest from October 1, 1952. April 2, 1953, notice of filing lien was filed. No further proceedings were had on this lien.

G. Federal tax lien of the United States Government v. Rocco Mancino and Helen Mancino, being Federal tax lien No. 19024, filed of record in Lawrence County on January 29, 1953, at No. 257 of Federal tax liens in the amount of $44,874.09.

4. The visible commencement of the work on the ground of defendants' premises described above, upon which the several claimants claim to have furnished labor and materials was on or about October 24, 1950.

5. On January 27, 1953, telegraphic notice of the claim of the United States for income tax due from defendants was filed by Treasury Department of the United States by sending a telegram to the Director of Internal Revenue at Pittsburgh, that being the office in charge of the income taxes of defendants, showing taxes due from defendants in the amount indicated above, to wit, $44,874.09. The filing of the telegraphic assessment was followed by the filing of the formal assessment in Lawrence County two days later.

## Discussion

There are before the court exceptions to a proposed decree of distribution of the proceeds of a sheriff's sale of real estate.

One important question of law dominates the proceeding: Does a lien of the United States for income tax which is duly filed according to the laws of the United States and of the state take precedence over mechanic's liens which have been filed according to state law prior to the filing of the federal tax lien but are not reduced to judgment until thereafter?

In the case at bar the telegraphic lien of the United States was filed in the office of the Collector of Internal Revenue on January 27, 1953, and the formal lien was filed in Lawrence County on January 29, 1953. The relevant provisions of the Internal Revenue Code are as follows:

"§3670. *Property Subject to Lien.*

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that

may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person": 26 U. S. C. 1946 ed., §3670.

"§3671. *Period of Lien.*

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time": 26 U. S. C. 1946 ed., §3671.

"§3672 (as amended by Section 401, Revenue Act of 1939, c. 247, 53 Stat. at L. 882, and Section 505, Revenue Act of 1942, c. 619, 56 Stat. at L. 957.) *Validity Against Mortgagees, Pledgees, Purchasers, and Judgment Creditors.*

"(a) *Invalidity of Lien Without Notice.* Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) *Under State or Territorial Laws.* In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or

"(2) *With Clerk of District Court.* In the office of the Clerk of the United States District Court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law authorized the filing of such notice in an office within the State or Territory; or

"(3) *With Clerk of District Court of the United States for the District of Columbia.* In the office of the clerk of the District Court of the United States for the District of Columbia, if the property subject to the lien is situated in the District of Columbia."

The only mechanic's lien reduced to judgment was the mechanic's lien of Wm. M. Bender and Sons upon which sale was made. Judgment was taken in that case on January 14, 1953, before the filing of either the telegraphic assessment or the formal assessment. The priority of the Bender claim is conceded by the United States and hence this claim requires no further comment.

All of the other mechanic's liens are claimed to relate back to the visible commencement of the work on the ground. This date is not definitely established by the evidence, but the earliest date of furnishing labor or materials averred in the several mechanic's liens is October 24, 1952, which date is adopted in this opinion as the date when the mechanic's liens became effective under State law: Citizens Bank of Palmerton v. Lesko et al., 277 Pa. 174; Hern & Co. v. Hopkins, 13 S. & R. 269, 276. Scire facias on the claim is a proceeding in rem and after judgment not to be attacked collaterally: Shryock et al. v. Buckman, 121 Pa. 248. However, section 23 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §133, specifically allows any party having a lien on the property to challenge a mechanic's lien.

A mechanic's lien is discharged by a judicial sale of the real estate bound by the lien. The purchaser takes the property discharged from the lien and the lien claimant is remitted to the fund: Rosenberg v. Cupersmith, 240 Pa. 162; Guttshall v. Horn, 70 Pa. Superior Ct. 79. Upon a proceeding to distribute the proceeds of a sheriff's sale, a mechanic's lien claimant has the burden of showing the date when his lien attached. This is true even after judgment, if he invokes the principle that the lien attaches at the time of the visible commencement of the work on the ground: Knoell v. Carey, 291 Pa. 531, 535. We agree with the attorneys for the mechanic's lien claimants

when they assert that after sale of the property it is unnecessary to proceed by scire facias to reduce the claim to judgment. Rather the case is to be determined upon the state of the liens when the property was sold. Following these principles it is clear that, if no question of Federal law were involved, the mechanic's lien claimant whose claims were filed before the sale and before the filing of the Federal tax claims would be entitled to first payment. If the proceeds of sale were not enough for all claimants they would share pro rata: Anshutz v. McClelland, 5 Watts 487.

But there is a federal question involved. We live under two concurrent sovereignties, the United States being the greater and the Commonwealth of Pennsylvania being the lesser. Article VI of the Constitution of the United States provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

The very simple premise of the attorneys for the United States in this proceeding is that the tax lien of the United States for income tax comes ahead of everything except mortgages, judgments and pledges. This is the language of the statute and "The establishment of a tax lien by Congress is an exercise of its constitutional power 'to lay and collect taxes': Article 1, §8 of the Constitution. United States v. Snyder, 149 U. S. 210. And laws of Congress enacted pursuant to the Constitution are . . . declared to be 'the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary not-

withstanding' ": Michigan et al. v. United States, 317 U. S. 338, 87 L. Ed. 312.

The liens of the United States are purely statutory and Congress has the undoubted power to create such liens: Spokane County v. United States, 279 U. S. 80, 73 L. Ed. 621; United States v. Snyder, 149 U. S. 210, 37 L. Ed. 705; Illinois v. Campbell, 329 U. S. 362, 91 L. Ed. 348.

Whether a lien under State law is sufficiently specific and perfected is a Federal question, to be decided under Federal law and, if necessary, upon final appeal by the Federal courts: United States of America v. Security Trust and Savings Bank, Exr., et al., 340 U. S. 47, 95 L. Ed. 53, 56; United States v. Gilbert Associates, Inc., 345 U. S. 361, 97 L. Ed. 1071. Even liens of a State or its subdivisions for its own taxes are subject to the same rule. In such case, as Justice Cardozo said:

"The hardship to the state, if there is any, 'is the necessary consequence of the supremacy of the laws of the United States on all subjects to which the legislative power of Congress extends'. Marshall, C. J., in United States v. Fisher, 2 Cranch 358, 396. Cf. Florida v. Mellon, 273 U. S. 12, 17": New York v. Maclay, 288 U. S. 290, 77 L. Ed. 754, 756.

With these principles in mind we approach decision of the question whether the mechanic's liens, which under State law attach from the visible commencement of the work on the ground, take precedence over the Federal tax lien which was filed after the date the work was commenced but before the mechanic's lien claims were reduced to judgment. Were the mechanic's liens sufficiently "specific and perfected"? This is the test employed by all the cases.

A brief survey of the cases decided by the Supreme Court of the United States by the application of this

test will demonstrate how resolutely the supremacy of the United States in this particular has been maintained. In U. S. v. Security Trust and Savings Bank, supra, it was held that an attachment under California law and in the California courts was subordinate to a Federal tax lien filed after the attachment lien was effective but before it was reduced to judgment. The attachment lien was said to be inchoate until judgment. In United States v. Waddill, Holland & Flinn, Inc., et al., 323 U. S. 353, 89 L. Ed. 294, a claim of the United States for unemployment compensation and for an amount due on a housing contract was held in insolvency proceedings entitled to precedence over the lien of the landlord under State law.

In many cases State tax liens have been held not sufficiently specific and perfected to entitle them to priority over a Federal tax lien. In U. S. v. Gilbert Associates, Inc., supra, 345 U. S. 361, 97 L. Ed. 1071, taxes were levied by a town in New Hampshire upon certain machinery, a tax sale was held, and the machinery bought by the town. The town did not, however, take possession of the property and it was later sold by the receiver. It was held that the claim of the United States for Federal taxes was paramount. In New York v. Maclay et al., 288 U. S. 290, 77 L. Ed. 754, franchise taxes due the State of New York which were assessed but not liquidated until after receivership were held subordinate to the claim of the Federal government. See also Illinois v. Campbell, 329 U. S. 362, 91 L. Ed. 348.

Three kinds of liens are excepted by section 3672 of the Internal Revenue Code, which is quoted above. They are mortgages, judgments and pledges. As to them the United States must actually file its lien first. Do the mechanic's liens here under examination qualify under any of these categories? The three exceptions were granted to relieve the hardship of a Federal

priority which was all embracing, but claimant must still come under one of the exceptions: U. S. v. Gilbert Associates, Inc., 345 U. S. 361, 97 L. Ed. 1071, 1075, supra.

The reasoning of claimants is that the equities of the situation are so strong in favor of the mechanic's lien creditors as to render unnecessary a classification of their claims as mortgages, judgments or pledges. The liens, as they argue, attached upon the visible commencement of the work on the ground. They were subject to be divested if not reduced to judgment but at the time of sale they were existing liens.

The difficulty with this contention is that it fails to establish a specific and perfected lien or a claim which is mortgage, judgment or pledge: Christian v. Atlantic & North Carolina Railroad Company, 133 U. S. 233, 33 L. Ed. 589. Furthermore, Federal statutes are to be construed uniformly throughout the nation and an odd interpretation to avoid a hardship is to be avoided: U. S. v. Gilbert Associates, Inc., 345 U. S. 361, 97 L. Ed. 1071, 1075, concerning judgments.

A mechanic's lien before judgment cannot be said to be specific and perfected. In Knabb's Appeal, 10 Pa. 186, 192, it was said of a mechanic's lien: "A claim filed, is not in the nature of a judgment pronounced by a court. It is . . . but a means, partaking of the character of process, of enforcing a statutory lien."

In Safe Deposit & Trust Co. of Pittsburgh, a Corporation, etc., v. The Columbia Iron & Steel Co., also a Corporation, 176 Pa. 536, 548, it was said: "A mechanic's lien is a claim only, and its averments and dates establish nothing. A judgment obtained upon it is of course conclusive against the owner, but he cannot waive the right of creditors to insist that the lien is invalid. As to them it is a judgment from its date only, and not even prima facie evidence of the rela-

tion of the lien to the commencement of the work on the ground".

In Wagner v. Burnham, 224 Pa. 586, 590-591, a mechanic's lien in the early stages is said to be inchoate. In Wrigley v. Mahaffey et al., 5 Dist. R. 389, it is said that only judgment gives a real lien.

The construction put upon mechanic's liens by our court of last resort is important. As was said in United States v. Security Trust and Savings Bank, Exr., et al., 340 U. S. 47, 95 L. Ed. 53, 56: "If the state court itself describes the lien as inchoate, this classification is practically conclusive." The classification of the Federal courts is controlling: Illinois v. Campbell, 329 U. S. 362, 91 L. Ed. 348, 355.

There are some cases which hold mechanic's liens to have priority over a Federal tax lien in circumstances similar to those before the court: In Re Taylorcraft Aviation Corp., 168 F. 2d 808; United States v. Griffin-Moore Lumber Co., 62 So. 2d 589. Decision in the Taylorcraft case is based upon the idea of the relation back of mechanic's lien to the beginning of the work, but this idea was rejected by the Supreme Court as a basis of priority in United States v. Security Tr. & Sav. Bank, supra, the latest pronouncement of the Supreme Court on this subject. The court said as follows:

"Nor can the doctrine of relation back—which by process of judicial reasoning merges the attachment have a judgment lien. He had a mere 'caveat of a back to the date of attachment—operate to destroy the realities of the situation. When the tax liens of the United States were recorded, Morrison did not have a judgment lien. He had a mere 'caveat of a more perfect lien to come': New York v. Maclay, 288 U. S. 290, 294."

United States v. Griffin-Moore Lumber Co., Inc., 62 So. 2d 589, is a decision of the Supreme Court of

Florida. It holds the lien of the United States for taxes to be subordinate to the lien of a mechanic's lien recorded but not reduced to judgment. With due deference to the Florida court this case seems to be decided on the basis of what we may all wish the law to be rather than on what the highest court in the land has declared it to be. Such authority as the case may have had would seem to be overruled by the decision in U. S. v. Security Trust & Savings Bank case.

On the contrary, in Samms v. Chicago Title & Trust Co. et al., 349 Ill. App. 413, 111 N. E. 2d 172, the decision of a lower court according to a mechanic's lien priority over a Federal tax lien was reversed, the court pointing out that the State courts have no power to interfere with the collection of a tax due the United States, saying: "The tax may seem unjust and the method of subjecting property to its payment appear to be unfair, but if done pursuant to duly enacted legislation, there is no recourse except as Congress may provide."

The same decision was reached by the Court of Appeals in Maryland in United States v. Eisinger Mill & Lumber Co., Inc., et al., (Md.) 98 A. 2d 81. The court points out that subsequent steps were necessary to reduce the claim to judgment and hence it was not a specific and perfected lien.

It is with great regret that we are forced to conclude that the Federal tax lien asserted in the case at bar takes priority over all the mechanic's liens except the lien of plaintiffs' execution which had been reduced to judgment. Entertaining these views we make the following

*Order*

Now, December 31, 1954, after full hearing in this matter it is decreed that the funds realized by sale of defendants' real estate be distributed as follows:

First, the costs of the case; second, current taxes; third, judgment of Wm. M. Bender et al., based on a mechanic's lien filed at No. 6 September term, 1952 M. L. D., in the amount of $2,392.75 with interest from December 1, 1951. Directed to be paid by decree of this court dated October 18, 1954.

Fourth, Federal tax lien of the United States Government v. Rocco Mancino and Helen Mancino at No. 257 of Federal tax liens in Lawrence County in the amount of $44,874.09. The balance of the fund to be paid to this creditor.

This decree shall become absolute unless exceptions hereto are filed within 10 days.