251 F.2d 305
 In the Matter of LIEB BROS., Inc., Debtor, Borwac Realty Co., a New Jersey Corporation, Claimant-Appellant, and
City of Newark, a Municipal Corporation, Claimant-Respondent.
 No. 12263.
 United States Court of Appeals Third Circuit.
 Argued December 2, 1957.
 Decided December 17, 1957.
 As Amended January 8, 1958.
 
 Roger H. McGlynn, Newark, N. J. (McGlynn, Stein & McGlynn, Edward R. McGlynn, Newark, N. J., on the brief), for claimant-appellant.
 Harry A. Pine, Newark, N. J. (Vincent P. Torppey, Corp. Counsel of the City of Newark, Newark, N. J., on the brief), for claimant-respondent.
 (Sanford Silverman, Newark, N. J., on the brief), for and of counsel with receiver-respondent.
 Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Despite the extremely competent presentation on behalf of appellant, it seems to us that Referee Tallyn's disposition of the portion of the fund in dispute is unassailable. Under the admittedly governing decision of United States v. City of New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520, he correctly held that in determining the relative priority of statutory federal and municipal liens to a fund in court, a prior lien gives a prior claim. As to the distribution of the fund, with reference to payment to the City of Newark, New Jersey of 1955 and first half of 1956 taxes due it, the Referee further followed the doctrine of the New Britain opinion, 347 U.S. at page 88, 74 S.Ct. at page 371, that "* * * The United States is not interested in whether the State receives its taxes and water rents prior to mortgages and judgment creditors. That is a matter of state law."[1] (Emphasis supplied.) The law of New Jersey is that a municipal lien for unpaid taxes is a first lien on the particular land "and paramount to all prior or subsequent alienations and descents of such lands or encumbrances thereon, except subsequent municipal liens." N.J.S.A. Sections 54:5-6, 54:5-9.
 
 
 2
 Appellant's mortgage lien is inferior to that of the municipality for taxes. It was correctly so held by the Referee and the district court rightly approved that ruling.
 
 
 3
 The judgment of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 See also Exchange Bank & Trust Co. v. Tubbs Mfg. Co., 5 Cir., 1957, 246 F.2d 141; Southern Ohio Savings Bank v. Bolce, 1956, 165 Ohio St. 201, 135 N.E. 2d 382; Smith v. United States, D.C. 1953, 113 F.Supp. 702; Samms v. Chicago Title & Trust Co., 1953, 349 Ill.App. 413, 111 N.E.2d 172